# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:05CV270-V

| | |
|---|---|
| VLADIMIR KOZLIK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND ORDER** |
| ) | |
| CITY OF HICKORY and ) | |
| TOWN OF LONGVIEW, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendants' "Second Motion to Compel" (document #13) filed June 14, 2006. The Plaintiff has not responded to the subject motion and the time for filing a response has expired.

This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and is now ripe for the Court's consideration.

On September 28, 2005 the Plaintiff filed his Complaint in the Superior Court of Catawba County, North Carolina alleging, <u>inter alia</u>, claims under 42 U.S.C. § 1983 for violations of his constitutional rights. On October 31, 2005, the Defendants Town of Longview and City of Hickory removed the state court action to federal court and filed their respective Answers on November 7 and 21, 2005.

Although a pretrial order had not yet been entered, the parties began discovery soon thereafter, that is, the Defendants served and the Plaintiff apparently responded to initial written discovery requests.

On January 2, 2006, the Defendants served their "Second Set of Interrogatories." As of the

present date, the Plaintiff has <u>not</u> responded to these requests, despite having been <u>ordered</u> to do so, as discussed below.

On March 29, 2006, the parties filed their "Certification of Initial Attorneys' Conference" and the same day, the undersigned issued the "Pretrial Order and Case Management Plan." <u>See</u> documents ## 6 and 7.

On March 31, 2006, the Court scheduled this matter for an Initial Pretrial Conference ("IPC"). <u>See</u> "Order Setting Initial Pretrial Conference" (document #9). The Order expressly provides:

> 1. The Initial Pretrial Conference shall be held in the chambers of the undersigned (Room 238, U.S. Courthouse, 401 West Trade Street, Charlotte, North Carolina), on **Wednesday, June 7, 2006, at 2:30 p.m.**
>
> 2. Counsel may, but are not required to bring the parties to the Initial Pretrial Conference.

Id. at 2 (emphasis in original). The record reflects that Plaintiff's counsel, C. Gary Triggs, was served with a copy of this Order (and all other orders, motions, briefs and notices in this matter) through the Court's Case Management and Electronic Case Filing system.[1]

Also on March 31, 2006, the Defendants filed their first "Motion to Compel" (document #8), requesting that the Plaintiff be ordered to serve responses to the outstanding discovery requests and to reimburse the Defendants for their attorneys' fees and costs associated with that Motion.

The Plaintiff never filed a brief or otherwise responded to the Defendant's first Motion to Compel.

---

[1]Additionally, it is the undersigned's practice prior to formally setting an IPC, for chambers' staff to contact the parties' counsel telephonically and to propose a date for the conference and to schedule the conference for that date, or some other date that is convenient to all counsel. In their present Affidavits, defense counsel have informed the Court that they each received a telephone call from chambers' staff inquiring whether June 7, 2006 was a convenient date for the IPC in this case.

Accordingly, on April 25, 2006, the undersigned granted in part the Defendants' first Motion to Compel as follows:

> 1. On or before May 26, 2006, the Plaintiff shall serve full and complete responses to the Defendants' Second Set of Interrogatories.
>
> 2. The parties shall bear their own costs at this time.
>
> 3. Mr. Triggs shall promptly serve a copy of this Memorandum and Order on the Plaintiff.

"Memorandum and Order" at 3 (document #10) (emphasis in original).

However, the April 25 Memorandum and Order also included the following warning that further failure to comply would not be tolerated:

> The Court warns the Plaintiff and Mr. Triggs that dismissal and the imposition of monetary sanctions are remedies available under Rule 37 for a party's failure to obey rules governing discovery and orders of the district court. See Fed. R. Civ. P. 37(b)(2)(C); National Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643 (1976); Mutual Fed. Sav. & Loan v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989); and Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 504 (4th Cir. 1977).
>
> Accordingly, any further failure to respond to the Defendants' Second Set of Interrogatories, failure to respond to any other of the Defendants' reasonable discovery requests, or failure to otherwise comply fully with any of the Court's Orders, the Local Rules, or the Rules of Civil Procedure will likely result in the imposition of sanctions against the Plaintiff and/or his counsel personally. **Sanctions may include the Plaintiff and/or his counsel being required to pay the Defendants' costs, including reasonable attorney's fees in their entirety, and may also include dismissal of the Complaint with prejudice**.

Id. at 2-3 (emphasis in original).

Finally concerning the Court's first attempt to obtain the Plaintiff's and Mr. Triggs' compliance, the April 25 Memorandum and Order again reminded the parties and their counsel that the Initial Pretrial Conference was scheduled for June 7, 2006 at 2:30 p.m. Id. at 2, n.1.

On May 30, 2006, and after the Plaintiff failed to serve his discovery responses as he had

3

been ordered to do, the Defendants filed their "Motion to Dismiss" (document #12), which is pending before the District Judge to whom this case is assigned (the Honorable Richard L. Voorhees).[2]

Despite having received one informal and two formal notifications of the Court-ordered Initial Pretrial Conference, on June 7, 2006, Mr. Triggs failed to appear. Shortly after 2:30 p.m. that day, chambers' staff contacted Mr. Triggs telephonically and Mr. Triggs stated that he was unaware of the conference and that it was not noted on his calendar.

Accordingly, the undersigned conducted the conference with defense counsel, William L. Hill, the Town of Longview's counsel, and Scott C. Hart, counsel for the City of Hickory, who had traveled from New Bern, North Carolina, where his office is located, to Charlotte via a commercial airline. During the Initial Pretrial Conference, counsel informed the Court that the Plaintiff still had not produced the subject discovery responses. Due both to Mr. Triggs' absence and the Plaintiff's failure to respond to discovery, however, the Court and the counsel present were unable to discuss other matters that are typically the subject of an IPC, such as deadlines, pending discovery requests, suitability of this case for mediation, etc.

On June 13, 2006, in a letter that was transmitted via facsimile, Mr. Triggs apologized for having failed to attend the IPC, attributing his absence to a new staff member in his office who had failed to record the IPC on Mr. Triggs' calendar. Mr. Triggs offered no explanation why he and/or the Plaintiff had not complied with the Court's Order that the discovery responses were to be served no later than May 26, nor did he explain why he had failed to respond to the first Motion to Compel (at that point, the only overdue response).

---

[2]The undersigned notes that the Plaintiff has not responded to the Motion to Dismiss either and that the time for doing so has also now expired.

On June 14, 2006, the Defendants filed their "Second Motion to Compel," asking that the Plaintiff be ordered (again) to respond to the Defendants' outstanding discovery requests and that they recover their attorneys' fees and costs associated with both Motions to Compel as well as attending the IPC.

In support of their Motion, Defendants' respective counsel have submitted Affidavits of their time expended on the discovery motions and the IPC, their hourly rates, and other related costs incurred. Mr. Hill charged the Defendant Longview $1,212.50 in attorney's fees (9.7 hours at $125 per hour), plus $329.00 in related expenses. Defendant Hickory has incurred $1,968.75 in relevant attorney's fees (Mr. Hart has expended 15.75 hours at the same hourly rate) and also seeks reimbursement for an additional $1,058.97 in expenses arising from Mr. Hart's attending the IPC, that is, $917.10 for his airline ticket and $141.87 for a rental car.

The undersigned notes that defense counsel have not "double billed" for their work. Rather, Mr. Hart prepared the first Motion to Compel on behalf of both Defendants, which Mr. Hill briefly reviewed prior to its filing, and counsel reversed their roles concerning the second Motion to Compel. Moreover, their $125 hourly rate is clearly reasonable for this type of work.

As they did concerning the earlier-filed Motions, the Plaintiff and Mr. Triggs failed to respond to the subject Motion which is, therefore, ripe for determination. As discussed previously, the Defendants are entitled to responses to their reasonable discovery requests, and the Plaintiff will again be ordered to respond to those requests.

Concerning attorneys' fees and costs that a party incurs while prosecuting a successful motion to compel, Fed. R. Civ. P. 37a(4)(A) provides that a court may "<u>require the party ... whose conduct necessitated the motion or the party or attorney advising such conduct or both of them</u> to

5

pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees." (emphasis added).

As the Defendants point out in their brief, concerning motions to compel and the payment of attorneys' fees, district courts have considerable discretion in determining both the amount of and whether to require a party and/or her counsel to pay the sanction. Accord Food Lion, Inc., v. Capital Cities/ABC, Inc., 165 F.R.D. 454, 457 (M.D.N.C. 1996) (as Rule 37(a) sanction for failure to attend a deposition, court assessed plaintiff's attorneys' fees against defendant and its counsel jointly).

Moreover, as the Court previously warned the Plaintiff and Mr. Triggs, imposition of monetary sanctions (as well as dismissal, which is an issue for the presiding District Judge) are remedies available under Rule 37 for a party's failure to obey rules governing discovery and orders of the district court. See Fed. R. Civ. P. 37(b)(2)(C); Metro. Hockey Club, 427 U.S. at 643; Mutual Fed. Sav. & Loan, 872 F.2d at 92; and Wilson, 561 F.2d at 504.

Applying these principles to the Plaintiff's and Mr. Trigg's clearly-established pattern of nonfeasance, including disregarding two Orders, the undersigned will award the Defendants the monetary relief that they seek, a burden that the Plaintiff and Mr. Triggs shall bear equally.

**NOW THEREFORE, IT IS ORDERED**:

1. The Defendants' "Second Motion to Compel" (document #13) is **GRANTED**, that is:

A. On or before July 31, 2006, the Plaintiff shall serve full and complete responses to the Defendants' Second Set of Interrogatories.

B. Mr. Triggs shall promptly serve a copy of this Memorandum and Order on the Plaintiff.

C. On or before August 15, 2006, and regardless of whether this case is dismissed in the

6

interim, the Plaintiff and Mr. Triggs shall each pay $770.75 ($1,541.50 total) to the Defendant Town of Longview and $1,513.86 ($3,027.72 total) to the Defendant City of Hickory by remitting the payments to the Defendants' respective counsel.

    D.  Mr. Triggs may not bill his portion of these sanctions to the Plaintiff or in any other fashion seek reimbursement of his payments.

    2.  The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Richard L. Voorhees.

**SO ORDERED.**

Signed: July 6, 2006

*Carl Horn, III*
_____

Carl Horn, III
United States Magistrate Judge